UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN CABRERA ESPINOZA,<br><br>Petitioner,<br><br>v.<br><br>MOISES BECERRA, et al.,<br><br>Respondents. | Case No. 23-cv-05872-PCP<br><br>**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION**<br><br>Re: Dkt. No. 23 |

## BACKGROUND

Petitioner Adrian Cabrera Espinoza has been detained by U.S. Immigration and Customs Enforcement pursuant to 8 U.S.C. § 1226(c) since November 2022 while his ongoing removal proceedings remain pending. After nearly eleven months of civil detention, he filed a petition for writ of habeas corpus and a motion for a preliminary injunction requiring a bond hearing before a neutral decisionmaker—something he had not previously been provided. On December 20, 2023, this Court granted Mr. Cabrera Espinoza's motion for a preliminary injunction and ordered Respondents to provide him with "an individualized bond hearing before an immigration judge at which the government shall bear the burden to prove by clear and convincing evidence that Mr. Cabrera Espinoza's continued detention remains warranted to protect the public or prevent Mr. Cabrera Espinoza from fleeing." Dkt. No. 22. On December 28, 2023, Immigration Judge Katie Mullins presided over Mr. Cabrera Espinoza's bond hearing and concluded that, while Mr. Cabrera Espinoza does not pose a danger to the community, he poses a flight risk "that no amount of bond conditions" can mitigate, thereby warranting his continued detention. Dkt. No. 26-2, at 25.

On December 29, 2023, Mr. Cabrera Espinoza moved this Court for a temporary restraining order, arguing that the immigration judge failed to consider alternatives to detention in

violation of his constitutional procedural due process rights, and requesting that this Court require the immigration judge to consider those alternatives at a second bond hearing. Dkt. No. 23. The Court thereafter converted the motion into one for a preliminary injunction and requested further briefing on the issue. Dkt. No. 27. For the following reasons, the Court now denies the motion.

## LEGAL STANDARDS

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). In the Ninth Circuit, "serious questions going to the merits and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011).

## ANALYSIS

For the reasons set forth in this Court's prior opinion, the second, third, and fourth elements of the *Winter* test all favor preliminary relief here. Accordingly, the only question remaining is whether Mr. Cabrera Espinoza can establish a likelihood of success or serious question on the merits of his procedural due process claim. Under the circumstances presented, that claim involves a narrow question: After being provided with a hearing before an immigration judge to consider whether "continued detention remains warranted to protect the public or prevent Mr. Cabrera Espinoza from fleeing"—a hearing at which the government bore the burden to establish by clear and convincing evidence that continued detention was warranted; at which Mr. Cabrera Espinoza was represented by counsel and had the opportunity to present evidence and argument, including with respect to the sufficiency of alternatives to continued detention such as location monitoring and reporting; and after which the immigration judge determined that "no amount of bond conditions" could ensure Mr. Cabrera Espinoza would not flee—does procedural due process require an additional hearing at which the immigration judge must specifically consider whether the government has shown, by clear and convincing evidence, that alternatives to detention are insufficient to ensure his availability for removal?

In *Mathews v. Eldridge*, 424 U.S. 319 (1976), the Supreme Court laid out the relevant test for assessing alleged procedural due process violations. *See Doe v. Becerra*, No. 23-cv-04767, 2023 WL 8307557 (N.D. Cal. Dec. 1, 2023) (applying the *Mathews* test). Under this test, the Court must balance the private interest at stake, the risk of erroneous deprivation and probable value of additional safeguards, and the government's interest. 424 U.S at 355.

Mr. Cabrera Espinoza's private liberty interest in being free from detention is undoubtedly substantial. The other *Mathews* factors, however, weigh against ordering a second hearing under the circumstances presented here.

In its prior order requiring an individualized bond hearing before an immigration judge, the Court directed that the government must prove by clear and convincing evidence "that Mr. Cabrera Espinoza's continued detention remains warranted." Dkt. No 22. The consideration of alternatives to detention is undoubtedly relevant to determining whether Mr. Cabrera Espinoza's continued detention is justified and was thus encompassed within the Court's previous order.[1] Indeed, the immigration judge expressly found that "no amount of bond conditions" could mitigate Mr. Cabrera Espinoza's flight risk. Dkt No. 26-2, at 25. The immigration judge's reference to bond *conditions* at least arguably includes conditions relating to location monitoring and reporting.

Moreover, Mr. Cabrera Espinoza appeared at the hearing with representation by counsel, and he was provided with a full opportunity to introduce argument and evidence in support of his release. To the extent he or his counsel believed that alternatives to detention would be sufficient to ensure his availability for removal, they were entitled to urge that position before the immigration judge. In this respect, the facts relevant to Mr. Cabrera Espinoza's current motion differ in crucial respects from prior cases involving bond hearings at which the consideration of

---

[1] Petitioner's counsel had included language in their proposed order attached to Mr. Cabrera Espinoza's initial preliminary injunction motion specifically requiring the immigration judge to "consider alternatives to detention." Dkt. No. 3-1, at 2. Although the Court did not adopt this express language, that question of alternatives was nonetheless encompassed within the broader question of whether detention remains warranted that the Court ordered the immigration judge to consider. Dkt. No. 22. The parties did not seek clarification of any ambiguities in the Court's Order prior to Mr. Cabrera Espinoza's bond hearing.

3

alternatives to detention was expressly prohibited. *See, e.g.*, *Hernandez v. Sessions*, 872 F.3d 976, 991 (9th Cir. 2017) (finding likely procedural due process violation where government "refuse[d] to consider" alternatives to detention for immigrants who posed no threat to the community or risk of flight but were unable to afford the bond amount set by the immigration judge).

In short, the issue of alternatives with respect to which Mr. Cabrera Espinoza seeks an additional hearing was encompassed in this Court's prior order and arguably addressed by the immigration judge, and Mr. Cabrera Espinoza had a full opportunity to argue that issue with the assistance of counsel. Under these circumstances, the probable value of an additional hearing and the risk of erroneous deprivation are minimal.

The government's interest here is also substantial. Beyond the additional expense of holding and preparing for another hearing before an immigration judge, including by preparing additional evidence relating to the inadequacy of alternatives to detention, the government and the judiciary have an interest in ensuring that all arguments relevant to the need for continued detention be addressed at a single hearing rather than through piecemeal litigation of that issue. As noted above, the record does not show that Mr. Cabrera Espinoza was prevented at his first hearing from arguing for his proposed alternatives to continued detention.

After balancing the relevant *Mathews* factors, the Court concludes that Mr. Cabrera Espinoza is unlikely to establish a procedural due process right to another hearing wherein the immigration judge would more expressly consider whether alternatives to detention are sufficient to prevent his flight. For the same reason, he has not presented a serious question on the merits of that issue. Given this conclusion, the Court need not consider the government's argument that the Ninth Circuit has already rejected Mr. Cabrera Espinoza's position.[2]

Because Mr. Cabrera Espinoza has not established a likelihood of success or serious question on the merits of his procedural due process claim, he does not satisfy the *Winter* test and

---

[2] The government cites *Martinez v. Clark*, in which the Ninth Circuit held that "[d]ue process does not require immigration courts to consider conditional release when determining whether to continue to detain an alien under § 1226(c) as a danger to the community." 36 F.4th 1219, 1231 (9th Cir. 2022). As Mr. Cabrera Espinoza notes, however, *Martinez* did not expressly consider what procedural due process might require where an immigrant's continued detention under Section 1226(c) is purportedly justified by flight risk rather than danger to the community.

4

his motion for a preliminary injunction is therefore denied.

## CONCLUSION

For the foregoing reasons, the Court denies Mr. Cabrera Espinoza's motion for a second preliminary injunction. Mr. Cabrera Espinoza's underlying habeas petition, to which the government filed its return on December 5, 2023, remains pending. Mr. Cabrera Espinoza shall file his traverse to the government's return within 30 days of the filing of this Order.

**IT IS SO ORDERED.**

Dated: March 11, 2024

P. Casey Pitts
United States District Judge