UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN CABRERA ESPINOZA,<br><br>Plaintiff,<br><br>v.<br><br>MOISES BECERRA, et al.,<br><br>Defendants. | Case No.  23-cv-05872-PCP<br><br>**ORDER TO TRANSFER**<br>Re: Dkt. No. 44 |

Petitioner Adrian Cabrera Espinoza brings this action to challenge his confinement of nearly 22 months by U.S. Immigration and Customs Enforcement at the Golden State Annex ("GSA") in the Eastern District of California. Cabrera Espinoza is detained while his ongoing removal proceedings are pending pursuant to 8 U.S.C. § 1226(c), which requires indefinite civil detention during removal proceedings for individuals with certain prior criminal convictions. Cabrera Espinoza brings this case as a petition for writ of habeas corpus under 28 U.S.C. § 2241 and as an action for declaratory and injunctive relief under 28 U.S.C. § 1331.

Cabrera Espinoza initially brought both procedural and substantive due process claims under the Fifth Amendment. Dkt. No. 1, at 2. On December 20, 2023, this Court granted Cabrera Espinoza's motion for a preliminary injunction and ordered Respondents to provide him with an individualized bond hearing before an immigration judge. Dkt. No. 22. At that hearing, the immigration judge found that Cabrera Espinoza posed a flight risk that bond conditions could not mitigate, thereby warranting his continued detention. Dkt. No. 26-2, at 25.

In July 2024, the Ninth Circuit held that this Court lacks jurisdiction under 28 U.S.C. § 2241 over habeas petitions from similarly situated immigrant detainees held outside the Northern District of California. *See Doe v. Garland*, 109 F.4th 1188, 1190 (9th Cir. 2024). In *Doe*, the Ninth

Circuit held that an immigrant detainee confined at the GSA can file a habeas petition only in the Eastern District of California, the district of his confinement. *Doe*, 109 F.4th. at 1198. This Court thereafter requested supplemental briefing regarding the application of the Ninth Circuit's decision to this case. Dkt. No. 44.

Cabrera Espinoza contends that, although this Court lacks jurisdiction over his § 2241 habeas petition under *Doe*, it nonetheless retains jurisdiction over this action under 28 U.S.C. § 1331 because the action was pleaded not only as a habeas petition but also as a complaint seeking declaratory and injunctive relief to remedy a constitutional violation. Dkt. No. 46, at 2–3.

This Court is skeptical that it retains jurisdiction over Cabrera Espinoza's claims under 28 U.S.C. § 1331. Although federal courts have inherent equitable authority to address constitutional violations, their power "to enjoin unlawful executive action is subject to express and implied statutory limitations." *Armstrong v. Exceptional Child Ctr., Inc.*, 575 U.S. 320, 328 (2015). The government asserts that 28 U.S.C. § 2241 creates such a limitation, impliedly excluding alternative remedies to habeas corpus for core habeas challenges—i.e., those actions challenging the fact or duration of physical confinement.

The Supreme Court has held that the habeas corpus procedures established in 28 U.S.C. § 2254 provide the exclusive instrument by which individuals detained under state authority may challenge the fact or duration of their confinement, impliedly precluding the federal courts from relying upon their equitable jurisdiction or 42 U.S.C. § 1983 to provide remedies not available under § 2254. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). *Preiser*, however, addressed challenges to confinement under *state* authority, and the Court did not address challenges to federal immigration detention. Similar concerns nonetheless suggest that 28 U.S.C. § 2241 provides the exclusive vehicle for challenges to federal detention. The Supreme Court, in *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004), and the Ninth Circuit in *Doe* have held that, for core habeas petitions, jurisdiction under 28 U.S.C. § 2241 is limited to the district of confinement. If Congress intended to allow federal courts to retain equitable jurisdiction over core habeas petitions under 28 U.S.C. § 1331, this limitation of jurisdiction in 28 U.S.C. § 2241 would have little meaning. *Cf. Armstrong*, 575 U.S. at 328 ("[R]espondents cannot, by invoking our equitable

2

powers, circumvent Congress's exclusion[.]").

Cabrera Espinoza contends that *Roman v. Wolf*, 977 F.3d 935 (9th Cir. 2020) controls here. But *Roman* held only that 28 U.S.C. § 1331 confers equitable federal court jurisdiction over Fifth Amendment challenges to conditions of confinement. Cabrera Espinoza's challenge is to the fact of his confinement, not its conditions. It is a core habeas challenge governed by 28 U.S.C. § 2241 subject to the restrictions set forth therein.

Amicus the Lawyers Committee for Civil Rights of the San Francisco Bay Area contends that this Court has equitable jurisdiction under 28 U.S.C. § 1331 because the remedies available to Cabrera Espinoza are not limited to release but also include requiring a bond hearing or addressing his conditions of confinement.[1] Because the Court has already found a violation of Cabrera Espinoza's procedural due process rights and ordered the government to provide him with a bond hearing (which it did, albeit not to Cabrera Espinoza's benefit), the Court need not consider whether a complaint seeking only that form of relief as a remedy for a procedural due process violation would be cognizable under 28 U.S.C. § 1331. And while Cabrera Espinoza's conditions of confinement may be relevant to determining whether his ongoing detention has become punitive, *see Doe v. Becerra*, - F. Supp. 3d --, No. 23-cv-04767-PCP, 2024 WL 2340779, at *4 (N.D. Cal. May 2, 2024), that does not convert his substantive due process challenge to his ongoing detention into a conditions of confinement claim. His due process theory challenges not those conditions but the fact that he has been subjected to punishment without being accorded the procedural protections demanded by the Due Process Clause.

Although the Court is skeptical about its jurisdiction over Cabrera Espinoza's Fifth Amendment substantive due process claim under 28 U.S.C. § 1331, it need not reach a conclusive decision on that issue because an alternative forum indisputably has jurisdiction to consider Cabrera Espinoza's claim. Under 28 U.S.C. § 1406(a), a district court may in the interest of justice transfer a case to any district in which the action could have been brought. *Doe* makes clear that the Eastern District of California has jurisdiction over Cabrera Espinoza's habeas petition because

---

[1] The Court grants the Lawyers Committee for Civil Rights of the San Francisco Bay Area's motion to file an amicus brief addressing these jurisdictional issues.

it is the district of his confinement. Transfer of Cabrera Espinoza's case would serve the interest of justice by ensuring that there is no uncertainty as to the jurisdiction of the court that rules upon it.

The government opposes transfer and maintains that dismissal is the only appropriate remedy because Cabrera Espinoza did not name as a respondent to the current petition his immediate custodian, the Facility Administrator of GSA. Dkt. No. 45, at 5. *Doe* held that, under *Padilla*, a habeas petitioner must name his immediate custodian as respondent and the immediate custodian for detainees held at GSA is the Facility Administrator. *Doe*, 109 F.4th at 1197. But Cabrera Espinoza's mere failure to name the appropriate respondent does not require dismissal. The Ninth Circuit has recognized that, upon transfer of a habeas petition to a court with jurisdiction, the petitioner should be afforded the opportunity to make "necessary amendments to perfect the form of the habeas petition." *Cruz-Aguilera v. I.N.S.*, 245 F.3d 1070, 1073 n.2 (9th Cir. 2001)*; see also Lopez-Marroquin v. Barr*, 955 F.3d 759, 760 (9th Cir. 2020) (allowing transfer of a habeas petition where petitioner did not name his immediate custodian as respondent); *Ashley v. Washington*, 394 F.2d 125, 126 n.1 (9th Cir. 1968) (noting that failure to name custodian as respondent "could be cured by amendment"); *Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994) (instructing district court to allow petitioner the opportunity to amend his petition to name the correct respondent).

Transfer, rather than dismissal, serves the interests of justice here. The Ninth Circuit "take[s] a broad view of when transfer is appropriate, recognizing that 'normally transfer will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is time-consuming and justice-defeating.'" *Amity Rubberized Pen Co. v. Mkt. Quest Grp. Inc.*, 793 F.3d 991, 996 (9th Cir. 2015) (quoting *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990)). Where a party has brought an action in good faith, "[t]ransfer serves as a means to prevent the injustice of penalizing a party for an honest procedural mistake." *Amity*, 793 F.3d at 996; *see also Cruz-Aguilera*, 245 F.3d at 1074 (stating that the court "should not fault" petitioner's decision to file his habeas petition in the incorrect court "given the complicated jurisdictional questions" at issue). There is no reason to further delay prompt resolution of Cabrera Espinoza's constitutional claims and penalize him for filing a habeas petition in this Court before the Ninth Circuit had

4

decided this Court lacked jurisdiction.

For the foregoing reasons, this case is transferred to the Eastern District of California. All pending motions and requests can be addressed by that court upon transfer.

**IT IS SO ORDERED.**

Dated: September 16, 2024

P. Casey Pitts
United States District Judge